IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRYAN HUGHES,

            Plaintiff,

v.                                                      CIVIL ACTION NO. 2:23-cv-00748

CARTIVA, INC., et al.,

            Defendants.

**ORDER**

The Court has reviewed the Plaintiff's *Motion to Seal Previously Filed Exhibit* (Document 8) and *Memorandum of Law in Support of Motion to Seal Previously Filed Exhibit* (Document 9), as well as Exhibit A to the Plaintiff's *Notice of Dismissal without Prejudice* (Document 7). For the reasons stated herein, the Court finds the motion should be denied.

The Plaintiff moves to seal Exhibit A to his *Notice of Dismissal*, which he originally filed on the public docket. Exhibit A is a "Tolling Agreement" jointly entered by the parties. The Plaintiff contends the Tolling Agreement "is intended to be a confidential document" and that sealing is appropriate because "the interest in confidentiality outweighs the public interest in the document." (Mem. at 1) (Document 9.) He argues that "both the parties and the Court have a substantial interest in sealing Exhibit A because that document will advance alternative dispute resolution, a path favored by the courts." (*Id.*) Alternatively, the Plaintiff suggests that leaving the document unsealed "may create a chilling effect between the parties, resulting in unnecessary usage of judicial resources." (*Id.*) Further, he claims that alternatives to sealing, such as

redaction, "are impractical as the entire document would need to be redacted to ensure that the contents are properly concealed." (*Id.* at 2.) Finally, he argues that the public has "little to no interest in what amounts to a procedural document." (*Id.*)

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Under the common law, "[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (noting factors may include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records"). District courts have discretion to determine "whether to grant or restrict access to judicial records or documents" based on the facts and circumstances of the case. *Virginia Dep't of State Police*, 386 F.3d at 575.

In contrast, the First Amendment protects a narrower range of documents, but "[w]hen the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*

2

After determining whether the common law or First Amendment provides the right of access, a district court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.* at 476. "Notifying the persons present in the courtroom of the request to seal or docketing it reasonably in advance of deciding the issue is appropriate" to provide public notice. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).[1]

Even applying the less stringent common law, the Court declines the request to seal the Tolling Agreement because the competing interests identified by the Plaintiff do not outweigh the public's right of access. The document does not contain personal identifying information, from the parties, which is not already publicly available on the docket. Further, it is common for parties to enter a similar agreement to toll an applicable statute of limitations to facilitate cost-effective alternatives to litigation. Although the Plaintiff argues that "both the parties and the Court have a substantial interest in sealing Exhibit A because that document will advance alternative dispute resolution," the document does not appear to advance such resolution beyond tolling the statute of limitations and setting a date by which the parties agree to participate in mediation of the Plaintiff's claims. Moreover, the Court rejects the Plaintiff's suggestion that leaving the document unsealed "may create a chilling effect between the parties" because the Agreement does not otherwise contain any information, the disclosure of which would undermine attempts to negotiate a settlement, such as a settlement offer or case valuation. While the Agreement contains a provision

---

1 Although the motion to seal was filed under seal, the Court finds adequate notice to the public given that the accompanying memorandum in support was filed on the public docket, and the Court declines to seal the document at issue.

indicating that it is to be held confidential by the parties and counsel, the Court is not bound by such stipulation and counsel for the Plaintiff filed and "exposed" the document to the public for nearly one week. For these reasons, the Court finds that the identified competing interests do not outweigh the public's right of access, and the motion to seal the Tolling Agreement should be denied.

Wherefore, after careful consideration, the Court **ORDERS** that the *Motion to Seal Previously Filed Exhibit* (Document 8) be **DENIED**. The Court further **ORDERS** the Clerk to **UNSEAL** the *Motion to Seal* (Document 8).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 21, 2024

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4